IKE GERSHONOWITZ AND PHILIP GERSHONOWITZ, RELATORS, v. THE MAYOR AND ALDERMEN OF JERSEY CITY, FRANK HAGUE, ARTHUR POTTERTON, J. BEGGANS, MICHAEL I. FAGAN AND WILLIAM B. QUINN, BOARD OF COMMISSIONERS OF JERSEY CITY, AND EDWARD J. SPOERER, SUPERINTENDENT OF BUILDINGS OF JERSEY CITY, RESPONDENTS.

Submitted November 3, 1927—Decided May 16, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the relators, *Gross & Gross* (*Isaac Gross,* of counsel).

For the respondents, *Thomas J. Brogan* and *Charles Hershenstein.*

PER CURIAM.

On June 21st, 1927, the relators applied to the superintendent of buildings of Jersey City for a permit for the erection of a building containing five stores on the ground floor thereof and six apartments above the same, on land owned by the relators and known as lots lettered G, H, J, K, L, M, N and O in city block 1278½ in Jersey City.

The superintendent of buildings refused to grant relators such building permit, but referred the application to the board of commissioners of the city of Jersey City. The city commissioners, so far as the record discloses, did not approve of the application as relators contend that they did. On the contrary, the record shows that such application was not accompanied by any plans or supecifications, and that later, on July 19th, 1927, plans and specifications were filed with the superintendent of buildings, together with a *written application for a permit.* This application was referred to the board of commissioners as required by the fire hazard ordinance, the building in question being for non-residential purposes. The commissioners considered this application from week to week until August 23d, 1927, when they deferred the matter and have not since acted upon it. No doubt such action, or failure to act, is tantamount to a refusal of the application.

On September 20th, 1927, the relators obtained this rule to show cause why the superintendent of buildings and the mayor and aldermen of Jersey City should not be required by *mandamus* to grant the permit.

We think that the writ must be denied.

It is stipulated that the land in question "is zoned in accordance with the ordinance of Jersey City for residential purposes." See *Record,* p. 23.

The factual situation as disclosed by the record brings this case, we believe, within our decision in *Koplin* v. *Village of South Orange,* 6 *N. J. Mis. R.* 489. The result is that the rule to show cause in the present case will be discharged and the writ of *mandamus* denied accordingly.

Having reached the conclusion stated, we deem it important to all the parties in interest to announce it promptly, and we do so in this somewhat informal manner in order to enable the relators to avail themselves of the earliest possible opportunity for review, if a review is desired. And if a review is desired, relators are hereby given permission to enter a rule allowing and directing the molding of the pleadings so as to permit of such review.